UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

O'NEAL TAYLOR SESSION,

Plaintiff,

v.  ADV. PROC. NO. 19-1050

HONDA FINANCIAL CORPORATION
AND HIDEO MOORE (MOROE),

Defendants.

## MEMORANDUM ORDER AND OPINION DISMISSING ADVERSARY PROCEEDING

This matter came before the Court January 12, 2021 on the Order Directing O'Neal Session to Appear at the rescheduled hearing on the Defendants' Motion to Dismiss the above-styled Adversary Proceeding (Doc. 9)[1]. Appearances were noted by Attorneys Kent D. McPhail and Brooke Sanchez as counsel for American Honda Finance, Attorney Jeffery Hartley as Counsel for the Chapter 13 Trustee and Mark S. Zimlich as the Bankruptcy Administrator. The Debtor, O'Neal Session ("Session") failed to appear.

---

[1] This Opinion cites three (3) related matters which were all initiated by O'Neal Session in the United States Bankruptcy Court for the Southern District of Alabama; for ease of reference, parenthetical citations which only contain an ECF document number shall refer to the above-styled Adversary Proceeding No. 19-1050 and the two other proceedings are cited by use of parentheticals including the referenced Case or AP number followed by the ECF document number.

1

## PROCEDURAL HISTORY AND FINDINGS OF FACT

The Debtor, O'Neal Session ("Session") filed a Chapter 13 petition for relief *pro se* on November 23, 2018. (Bankr. S. D. Ala., Case No. 18-4762). Session's bankruptcy schedules reflect American Honda Finance Corporation ("Honda") as her only secured creditor holding a lien on her sole asset, a 2015 Honda Civic ("Civic"). (Case No. 18-4762, Doc. 9). Thereafter, on December 12, 2018 Session filed an Adversary Proceeding ("2018 Adversary") against Honda seeking actual, compensatory and punitive damages as well as sanctions for alleged violations of "11 U.S.C. §105, 362 and 542, the CRA of 1866, the enforcement claims of the Thirteenth Amendment, the Federal Debt Collection Practices (FDCP)." (Bankr. S.D. Ala., Case No 18-65, Doc. 1 at 1). The 2018 Adversary claims arose from the repossession of Session's Civic approximately twelve (12) days post-petition.

Session filed a Motion for Partial Summary Judgment (AP 18-65, Doc. 17), which was adjudicated by Memorandum Opinion and Order ("Memorandum Opinion") on April 8, 2019. (AP 18-65, Doc.62). The Memorandum Opinion held that: (1) Honda violated the automatic stay when it repossessed and disposed of the Civic; (2) Session's civil rights had not been violated; (3) Session has not been subjected to slavery or involuntary servitude as prohibited by the Thirteenth Amendment; and (4) Session's Motion for Leave to amend to add counts for negligent and intentional infliction of emotional distress was due to be denied. In accordance with the finding that Honda violated the stay, a hearing was set for May 24, 2019 for Session to prove damages and obtain a monetary award to compensate her for the violation. (AP 18-65, Doc. 65).

On May 14, 2020, after this Court ruled on the merits of Debtor's Motion for Summary Judgment in the 2018 Adversary, Session filed a Motion to Replead the Original Complaint which was denied. (AP 18-65, Docs. 96, 97). Thereafter, on May 20, 2019 Session filed a Motion to

2

Case 19-01050    Doc 52    Filed 02/19/21    Entered 02/19/21 16:45:23    Desc Main
Document      Page 2 of 7

Withdraw the Reference.(AP 18-65, Doc. 101). As a result, the Court stayed the proceeding. (AP 18-65, Doc.108). On October 10, 2019, Session filed a second adversary proceeding, as styled above, naming Honda and Hideo Moroe as Defendants (" Second Adversary"). (AP 19-1050, Doc. 1.) Session's allegations in this Second Adversary, arise from the same set of facts as the 2018 Adversary, specifically, Honda's wrongful conduct related to the repossession, failure to turnover and disposition of the Civic. Session's pleadings in This Second Adversary also contest Honda's proof of claim. However, it was Session who filed the claim and repeatedly amended it until ultimately counsel for Honda amended it and reduced it to zero (0) on October 4, 2019. (Case No.18-4762, ECF claims 1-1,1-2, 1-3, 1-4 and 1-5).

The United States District Court for the Southern District of Alabama denied Session's Motion to Withdraw the Reference and deemed Session's motions to certify questions to the Supreme Court of Alabama and 11th Circuit Court of Appeals Moot by Final Order November 12, 2019 ("District Court Order"). (AP 18-65, Doc 118). On November 15, 2019, this Court granted the Trustee's Motion to Dismiss Session's underlying Chapter 13 proceeding because there were no assets to administer and no claims to be paid as Honda, the only listed Creditor, waived any monetary claims. (Case No 18-4762, Doc. 147). The Court granted Session's Motion to Stay the dismissal pending appeal. (Case No. 18-4762, Doc. 154). Thereafter, the 11th Circuit Court of Appeals entered an Order September 11, 2020 ("Circuit Court Order") upholding the District Court Order and further explaining, ". . . to the extent Session is attempting to appeal the bankruptcy court's . . . dismissal of her Chapter 13 proceedings, we lack jurisdiction to hear a direct appeal from that order and Session did not obtain the appropriate certification that would permit us to hear a direct appeal from that order . . ." (AP 18-65, Doc. 123 at 2).

3

After the Eleventh Circuit dismissed Session's appeal, a status hearing was scheduled October 20, 2020 for both adversary proceedings. Session filed another Motion to Stay (Doc. 20) which was denied after notice and hearing. (Doc. 31). Thereafter, Defendants' Motion to Dismiss this Second Adversary and a scheduling conference in the 2018 Adversary were set for December 15, 2020. (Doc. 31). Session then filed another Notice of Bankruptcy Court's lack of Subject Matter Jurisdiction ("Debtor's Notice")(Doc. 34) and failed to appear at the December setting. This Court addressed the Debtor's Notice, reiterated that it retained jurisdiction of the 2018 Adversary and this Second Adversary (collectively, the "Adversary Proceedings") and entered an order resetting the pending matters ("Appearance Order"). (Doc. 40 at 5-6). The Appearance Order stated in part, " . . .attendance of the rescheduled settings January 12, 2021 at 10:30 a.m. is mandatory and failure to appear shall constitute grounds for dismissal or other adverse action." (Doc. 40 at 6). Proper notice of the setting was given, yet Session again failed to appear.[2] Since summary judgment has already been granted in the 2018 Adversary, with only an amount of damages left to be determined, the Court entered a Scheduling Order (AP 18-65, Doc. 154) affording Session one last opportunity to appear and prove her damages in that case on April 15, 2021.

---

[2] Extraordinary efforts were employed to ensure Session received notice of the setting and opportunity to appear. A copy of the Appearance Order (Doc. 40) was transmitted to Session multiple times via BNC electronic notice to her e-mail address on record in the proceedings. (AP 19-1050, Docs 41, 42; AP 18-65, Docs 147, 148: Case No 18-4762, Docs. 169,170, 171). Additionally, a copy of the Appearance Order was mailed to Session at: (1) Session's physical address designated on ECF in this Second Adversary; (2) the post office box Session listed in her prior Chapter 13 bankruptcy; and (3) an additional physical address associated with Session. (Doc. 41 ). The Appearance Order provided for the hearing to be conducted telephonically, with the call-in instructions delineated therein obviating the need for Session to travel to attend. Furthermore, if there was any remaining modicum of doubt concerning Session's receipt of the Appearance Order, it is dispelled by her objection thereto (Doc. 43) which was set for hearing the same day. Hence, this Court is satisfied that Session received ample notice of the setting, had sufficient opportunity to appear and was adequately apprised of the negative ramifications of failure to so.

The Defendants' Motion to Dismiss this Second Adversary was initially set for hearing December 10, 2019 and due to Session's jurisdictional contests, appellate attempt, motions to stay and failure to appear at the prior settings, it has been pending for over a year. This Court's order of November 25, 2020 required Session to file "any response to Defendant's Motion to Dismiss, supplemental pleadings, exhibits or legal briefs sought to be considered no later than December 11, 2020 (Doc. 31 at 11), and as of the setting, no substantive response was noted on the record. Further, as Session received notice of the Appearance Order directing her to attend and failed to do so for a second time, the Court finds the Defendants' Motion to Dismiss this Second Adversary is ripe for adjudication.

## LEGAL ANALYSIS

*Preclusive Effect of Failure to Appear, Prosecute Claims or Controvert Motion to Dismiss*

Courts in the Eleventh Circuit and beyond have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. *Kirkland v. County Comm'n of Elmore County, Ala.,* No. 2:08cv86–MEF, 2009 WL 596538 (M.D. Ala. Mar. 6, 2009); *See also, Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir.2000) (finding that a party's failure to brief and argue an issue before the court is grounds for declaring it abandoned); *Hooper v. City of Montgomery*, 482 F.Supp.2d 1330 (M.D.Ala.2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion to dismiss resulted in dismissal of those claims as abandoned); B*lack v. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir.2006) (finding that plaintiff abandoned claim by failing to defend it in response to a motion to dismiss). In light of the need for judicial economy and

5

Case 19-01050    Doc 52    Filed 02/19/21    Entered 02/19/21 16:45:23    Desc Main
Document    Page 5 of 7

efficiency in the course bankruptcy proceedings, failure of a party with notice to appear at a hearing or object to a motion, precludes subsequent contest or appeal thereof. *In re Ray,* 597 F.3d 871, 874 (7th Cir.2010)). The Federal Rules of Civil Procedure authorize dismissal, for failing to prosecute or otherwise comply with court rules or any order of the court. *Gripe v. City of Enid,* 312 F.3d 1184 (10th Cir.2002). If the plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action of any claim against it. S*ee* Fed.R.Civ.P. 41(b) (made applicable to adversary proceedings as provided in Bankr. R. Proc 7041).

Session's failure to respond to pleadings, comply with orders of this Court or even attend hearings is tantamount to failure to prosecute and warrants dismissal of the litigation. Despite ample notice and opportunity to appear, Session has failed to substantively respond to Defendants' Motion or attend the hearings thereon. Upon dismissal of the underlying Chapter 13 bankruptcy, this Court denoted its retention of jurisdiction over the Adversary Proceedings, yet even after Session's unsuccessful attempt to withdraw the reference and her failed appeal to the Eleventh Circuit, she has continued her efforts to contest jurisdiction and further stay the Adversary Proceedings. Although Session voluntarily selected this forum upon instituting this Second Adversary in 2019 and her last appellate attempt was disposed of nearly a year ago, she has failed to prosecute or even defend her claims. Instead she has engaged in a pattern of conduct which has significantly protracted the litigation. As stated in the Appearance Order, there can be no further delay absent sufficient justification. Session has not filed any responsive pleading, brief or exhibit refuting the grounds for dismissal espoused by the Defendants. Additionally, Session has ignored the Orders of this Court requiring her to respond and appear. In light of these circumstances, this Court does not believe prolonging this matter further is appropriate or would be an efficient use of judicial resources. Hence, this Court finds that Session's failure to respond to the Defendants'

Motion, appear at the settings or otherwise abide by Orders of this Court constitutes sufficient grounds to dismiss this Second Adversary under Federal Rule of Civil Procedure 41(b) as applicable to this proceeding pursuant to Bankruptcy Rule 7041 as well as related case law.

## CONCLUSION

Based upon the forgoing, the Court finds good and reasonable grounds exists for the issuance of this Order. Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the above-styled Adversary Proceeding is DISMISSED. Notwithstanding the dismissal of this Adversary, the Court notes that the 2018 Adversary Proceeding involving essentially the same parties and operative facts remains pending. Hence, Session still has a remedy available to compensate her for Honda's wrongful conduct related to the repossession, failure to turnover and disposition of her Civic at the upcoming setting to prove damages in the 2018 Adversary.

Dated: February 19, 2021

_____
JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE